IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHELIA D. FLANAGAN                                                                                          PLAINTIFF

V.                                 No. 4:20-CV-01056 LPR-PSH

COMMISSIONER of
SOCIAL SECURITY ADMINISTRATION                                                    DEFENDANT

## RECOMMENDED DISPOSITION

This Recommended Disposition (Recommendation) has been sent to United States District Judge Lee P. Rudofsky. Either party may file written objections to this Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

I.      **Introduction:**

Plaintiff, Shelia D. Flanagan, applied for disability benefits on December 27, 2017, alleging disability beginning on December 24, 2016. (Tr. at 12). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 23). The Appeals Council declined to review the ALJ's decision. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner, and

Ms. Flanagan seeks judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II.     The Commissioner's Decision:

The ALJ found that Ms. Flanagan had not engaged in substantial gainful activity since the alleged onset date of December 24, 2016. (Tr. at 15). At Step Two of the sequential five-step analysis, the ALJ found that Ms. Flanagan had the following severe impairments: joint dysfunction, spine disorder, mood disorder, and anxiety disorder. *Id*.

After finding that Ms. Flanagan's impairments did not meet or equal a listed impairment (*id*.), the ALJ determined that Ms. Flanagan had the residual functional capacity ("RFC") to perform work at the light exertional level, with additional limitations: (1) she could occasionally climb stairs, balance, stoop, kneel, crouch and crawl, but never climb ladders; (2) she could occasionally reach overhead bilaterally; (3) she could frequently reach in other directions, handle, and finger, but not constantly; (4) she could perform simple, routine and repetitive tasks; (5) she could make simple work-related decisions; (6) she could concentrate, persist, and maintain pace with normal breaks; and (7) she would require incidental interpersonal contact with simple, direct, and concrete supervision. (Tr. at 17).

Relying upon the testimony of a Vocational Expert ("VE"), the ALJ found that Ms. Flanagan was unable to perform any of her past relevant work as a nurse

assistant and cashier checker (Tr. at 21), but that Ms. Flanagan's RFC would allow her to perform other jobs in the national economy such as price marker and router. (Tr. at 22). The ALJ concluded, therefore, that Ms. Flanagan was not disabled. *Id*.

### III. <u>Discussion</u>:

A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in Social Security Disability cases] is not high. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable

3

mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Ms. Flanagan's Arguments on Appeal

Ms. Flanagan contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the record demonstrates she would miss or be late for work more than two days per month, which, according to the VE's testimony at the hearing, would eliminate all jobs in the national economy she could perform. She also argues that the ALJ failed to develop the record and consider the side effects of her medications and periods of mental decline and decompensation. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

The record shows that on December 2016, Ms. Flanagan injured her neck and fractured her right ankle in a fall. (Tr. at 44, 482). The ALJ noted she had an open reduction and internal fixation of her ankle in January 2017 and was able to walk thereafter. (Tr. at 19, 528, 860). In October 2017, she had an anterior cervical

4

discectomy and fusion of C6-C7, and she reported that symptoms in her left arm were much better following surgery, though she still had pain in her right shoulder. (Tr. at 19, 659-661). In January 2018, Ms. Flanagan underwent a bilateral cubital tunnel decompression. (Tr. at 19, 878). In April 2018, she underwent a right L5-S1 hemilaminectomy, micro discectomy, and microforaminotomy. (Tr. at 19, 907). In February 2019, a physical examination showed normal gait, normal station, normal muscle tone, and full strength in all extremities, with no significant range of motion restrictions in her back. (Tr. at 2057-61).

In reviewing Ms. Flanagan's mental impairments, the ALJ noted that Ms. Flanagan had three voluntary inpatient admissions in January, February, and July of 2019 due to being a danger to herself or reporting psychosis. (Tr. at 20, 989, 1793, 1934, 2015, 2064). However, at an August 23, 2019 examination, she reported that she was no longer suicidal following a medication change. (Tr. at 20, 1824). Other psychiatric exam findings in 2019 were also normal. (Tr. at 20, 1825, 1828). Hospital records showed she needed no help with bathing, dressing, using the bathroom, climbing stairs, cooking, cleaning, and shopping. (Tr. at 20, 2015, 2064). At the hearing before the ALJ, Ms. Flanagan testified that she attended multiple therapy appointments every week. (Tr. at 49).

Ms. Flanagan claims that this history of frequent hospitalizations, surgeries, and doctors' appointments shows that she would miss more than two days of work

per month due to treatment for her mental and physical impairments, and therefore the ALJ should have included a corresponding absentee limitation in her RFC.[1] Based on the VE's testimony at the hearing, if Ms. Flanagan's impairments would cause her to miss two days of work per month, she would be precluded from competitive employment. Thus, she concludes, the ALJ's finding that sufficient jobs exist for a person with her qualifications and limitations is not supported by substantial evidence. The Commissioner argues, in response, that the ALJ's hypothetical question to the VE fully set forth the impairments the ALJ accepted as true and which were supported by the record as a whole. *See Long v. Chater*, 108 F.3d 185, 188 (8th Cir. 1997).

The Court agrees with the Commissioner and finds the ALJ did not err in failing to include references to absenteeism in the RFC. Ms. Flanagan bears the burden to prove her RFC, *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001), and she has not shown that her impairments would require her to miss work more than twice per month. Though her surgical history is extensive, nothing in the record indicates she will need further surgeries in the future. In fact, the record demonstrates improvement of her various physical impairments following treatment,

---

[1] Although Ms. Flanagan does not specifically challenge her RFC determination, she claims that the ALJ's decision is not supported by substantial evidence "in light of the vocational expert's testimony" regarding absenteeism. This argument essentially alleges that the ALJ erred by failing to include a limitation in her RFC that accounts for work absences, and the Court will treat her argument accordingly in its analysis.

supporting the ALJ's finding that she was not disabled. *See Lochner v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992). The same holds true for her mental impairments. The record shows that Ms. Flanagan's symptoms improved following medication changes, and there is no evidence in the record that she will require future hospitalizations or inpatient treatment.

Moreover, many district courts in the Eighth Circuit have already rejected Ms. Flanagan's argument that a history of multiple treatment appointments necessitates an absentee limitation in her RFC. *See, e.g.*, *Greenwade v. Saul*, No. C18-119-LTS, 2020 WL 1318793, at *6 (N.D. Iowa Mar. 20, 2020) (collecting cases). Though Ms. Flanagan testified to attending multiple weekly doctors' appointments at the time of the hearing, "medical appointments do not necessarily have to be scheduled during work hours or require the claimant to miss an entire day of work." *Id*. Ms. Flanagan has failed to demonstrate that her appointments could not be arranged to accommodate a full-time competitive employment schedule.

Ms. Flanagan also argues the ALJ failed to fully develop the record with respect to her medication side effects, mental limitations, and periods of mental decline. Again, the Court disagrees. Although it is the ALJ's duty to fully and fairly develop the record, the ALJ need not obtain additional medical evidence as long as other record evidence provides a sufficient basis for her decision. *Anderson v. Shalala*, 51 F.3d 777, 789 (8th Cir. 1995). The record contains medical evidence

from numerous sources detailing her mental health treatment during the relevant period. Ms. Flanagan specifically cites a report from Thomas Stinnett, M.D., describing symptoms of hallucinations, anxiety, and depression resulting in significant loss of functioning in July 2019. (Tr. at 2021). However, that report was created when Ms. Flanagan reported for inpatient treatment. Later evidence from August 2019 showed that Ms. Flanagan reported improvement in her symptoms and had normal psychiatric findings upon examination. (Tr. at 20, 1824-1828). And although she was on both psychotropic and pain medications, hospital notes showed she had no trouble performing her activities of daily living and examination findings showed she was alert and oriented, with good eye contact, judgment, and insight. (Tr. at 1825, 2015, 2064).

The ALJ considered evidence both supporting and detracting from her decision, determined that Ms. Flanagan's mental impairments were severe, and properly accounted for their effects in her RFC by limiting her to simple, routine, repetitive tasks, simple work-related decisions where she could concentrate, persist and maintain pace with normal breaks, and incidental interpersonal contact and simple, direct, and concrete supervision. (Tr. at 17). The Court finds that substantial evidence in the record supports the ALJ's assessment of Ms. Flanagan's mental impairments, and that the ALJ fulfilled her duty to fully and fairly develop the record.

### IV. <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision that Ms. Flanagan was not disabled. The ALJ fully and fairly developed the record, and the RFC fully incorporated her credible limitations. This case should be dismissed, with prejudice.

IT IS SO ORDERED this 29th day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE